```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
JEREMIAH LUCKEY,

                           Plaintiff,

        -against-                                        18 Civ. 8103 (AT)

CAPTAIN JONAS, et al.,
                                                         ORDER
                           Defendants.
```

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12/21/2020_
```

ANALISA TORRES, United States District Judge:

    Plaintiff, currently an inmate at Sullivan Correctional Facility, brought this *pro se* action on September 5, 2018, alleging that Defendants violated his rights by failing to protect him from inmates throwing objects and liquids at him. Compl., ECF No. 2. On February 2, 2019, Defendants moved to dismiss the complaint. ECF No. 15. Because Defendant had changed facilities and had not updated his address with the Court, the Court extended Plaintiff's time to respond to Defendant's motion. ECF No. 23. Plaintiff did not respond. On September 4, 2019, the Court granted in part and denied in part Defendants' motion to dismiss, and warned Plaintiff that "failure to respond to Court orders may result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b)." ECF No. 28 at 10.

    On March 2, 2020, Defendants served discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34 on Defendant. Def. Mem. at 2, ECF No. 45. On July 25, 2020, Defendants mailed Plaintiff a proposed protective order, and a letter requesting a response to Defendants' discovery requests. *Id.* at 2–3.

    In a phone call with Defendants' counsel on August 24, 2020, Plaintiff stated that as he could not read, he could not respond to Defendants' discovery requests or understand the proposed protective order, and that he did not with to continue litigating his claims at that time. *Id.* at 3. Defendants requested guidance from the court on how to proceed. ECF No. 37. The Honorable Kevin N. Fox directed the parties' attention to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and instructed Defendants serve a copy of his order on Plaintiff. ECF Nos. 38–39. Defendants served Plaintiff with the order on September 24, 2020, by mail. ECF No. 40. On October 8, 2020, Plaintiff declined a scheduled call with Defendants, stating that he no longer wished to participate in the case. Def. Mem. at 3.

    On December 11, 2020, Defendants moved to dismiss the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." ECF No. 44; Fed. R. Civ. P. 41.

    The Second Circuit has cautioned district courts that dismissals for failure to prosecute "are the harshest of sanctions," and that "a pro se litigant's claim should be dismissed for failure

to prosecute only when the circumstances are sufficiently extreme." *Baptiste v. Sommers*, 768 F.3d 212, 217 (2d Cir. 2014) (per curiam) (internal quotation marks and citations omitted).

> Before dismissing a case under Rule 41(b), the district court must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.

*Lewis v. Frayne*, 595 F. App'x 35, 36 (2d Cir. 2014) (quoting *Baptiste*, 786 F.3d at 216).

Over two years has now passed since the inception of this case, during which Plaintiff has not responded to this Court's orders or Defendants' discovery requests, has stated that he no longer wishes to participate in this case, and has avoided Defendants' phone calls. The Court is, therefore, inclined to dismiss this action under Rule 41(b).

Accordingly, by **January 21, 2021**, Plaintiff shall file a letter with the Court showing cause why this action should not be dismissed. <u>If Plaintiff fails to file a letter with the Court by January 21, 2021, the Court will dismiss the case.</u>

Should Plaintiff need any guidance on how to file documents with the Court, he should visit https://nysd.uscourts.gov/prose, or call the Pro Se Intake Unit at (212) 805-0175.

The Clerk of Court is directed to mail a copy of this order to Plaintiff *pro se*.

SO ORDERED.

Dated: December 21, 2020
       New York, New York

                                            ANALISA TORRES
                                    United States District Judge