```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
```
JEREMIAH LUCKEY,

               Plaintiff,

-against-

CAPTAIN JONAS, et al.,

               Defendants.

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/22/2021_
```

18 Civ. 8103 (AT)

**ORDER**

ANALISA TORRES, United States District Judge:

    Plaintiff, currently an inmate at Sullivan Correctional Facility, brings this *pro se* action on September 5, 2018, alleging that Defendants violated his rights under the Fourteenth Amendment to the Constitution by failing to protect him from inmates throwing objects and liquids at him. Compl., ECF No. 2; ECF No. 28 at 1. On February 2, 2019, Defendants moved to dismiss the complaint. ECF No. 15. Because Defendant had changed facilities and had not updated his address with the Court, the Court extended Plaintiff's time to respond to Defendant's motion. ECF No. 23. Plaintiff did not respond. On September 4, 2019, the Court granted in part and denied in part Defendants' motion to dismiss, and warned Plaintiff that "failure to respond to Court orders may result in dismissal for failure to prosecute under Federal Rule of Civil Procedure 41(b)." ECF No. 28 at 10.

    On March 2, 2020, Defendants served Plaintiff with discovery requests pursuant to Federal Rules of Civil Procedure 33 and 34. Def. Mem. at 2, ECF No. 45. On July 25, 2020, Defendants mailed Plaintiff a proposed protective order, and a letter requesting a response to Defendants' discovery requests. *Id.* at 2–3.

    In a phone call with Defendants' counsel on August 24, 2020, Plaintiff stated that as he could not read, he could not respond to Defendants' discovery requests or understand the proposed protective order, and that he did not wish to continue litigating his claims at that time. *Id.* at 3. Defendants filed a letter requesting guidance on how to proceed. ECF No. 37. The Honorable Kevin N. Fox directed the parties' attention to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), and instructed Defendants serve a copy of his order on Plaintiff. ECF Nos. 38–39. Defendants served Plaintiff with the order on September 24, 2020, by mail. ECF No. 40. On October 8, 2020, Plaintiff declined a scheduled call with Defendants, stating that he no longer wished to participate in the case. Def. Mem. at 3.

    On December 11, 2020, Defendants moved to dismiss the case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure, which provides, "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." ECF No. 44; Fed. R. Civ. P. 41.

On December 21, 2020, the Court issued an order to show cause, stating that it was inclined to dismiss the case, and that by January 21, 2021, Plaintiff should file a letter with the Court showing cause why the action should not be dismissed, or it would dismiss the case. ECF No. 48. Plaintiff did not file a response within the specified time.

Under Rule 41(b) of the Federal Rules of Civil Procedure, an action may be dismissed "[i]f the plaintiff fails to prosecute or to comply with [the Federal Rules] or a court order." "Rule 41(b) gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *Davis v. Town of Hempstead*, 597 F. App'x 31, 32 (2d Cir. 2015) (internal quotation marks and citation omitted). Plaintiff has the ultimate obligation of moving the case to trial, and "[d]ismissal is warranted where there is a lack of due diligence in the prosecution of the lawsuit by [the] plaintiff." *West v. City of New York*, 130 F.R.D. 522, 524 (S.D.N.Y. 1990).

A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of [the] plaintiff's failures or noncompliance; 2) whether [the] plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) . . . [the court's] interest in managing its docket against [the] plaintiff's interest in receiving an opportunity to be heard; and 5) . . . the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). "No one factor is dispositive" in determining the proper outcome and the Court must weigh all five factors in determining whether dismissal is appropriate under Rule 41(b). *United States ex rel. Drake v. Norden Sys.*, 375 F.3d 248, 254 (2d Cir. 2004); *see also Avila v. Comm'r of Soc. Sec.*, No. 15 Civ. 2456, 2016 WL 1562944, at *3 (S.D.N.Y. Apr. 18, 2016). Dismissal under Rule 41(b) is subject to the "sound discretion of the district courts." *Tutora v. Correct Care Sols., LLC*, No. 17 Civ. 9169, 2020 WL 1164793, at *1 (S.D.N.Y. Mar. 11, 2020).

The Court concludes that all factors weigh in favor of dismissal. First, over two years have now passed since the inception of this case, during which time Plaintiff has not responded to this Court's orders or Defendants' discovery requests, has stated that he no longer wishes to participate in this case, and has avoided Defendants' phone calls. Second, the Court warned Plaintiff that failure to respond in a timely manner to the order to show cause would result in the dismissal of the case. ECF No. 48. Third, "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). Moreover, Defendants have incurred costs in repeated attempts to locate and speak to Plaintiff. Fourth, Plaintiff's non-compliance has impeded this Court's work by causing the case to stall during discovery, and he has declined to take advantage of the opportunity to be heard extended to him. Finally, the Court has considered lesser sanctions than dismissal, and finds no reason to believe that other sanctions would yield a different result in light of Plaintiff's expressed desire to no longer participate in the case.

  Upon weighing these five factors, the Court finds that dismissal is appropriate. Accordingly, the complaint is DISMISSED without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

  The Clerk of Court is directed to close the case and to mail a copy of this order to Plaintiff *pro se*.

  SO ORDERED.

Dated: February 22, 2021
   New York, New York

_____
ANALISA TORRES
United States District Judge